UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERESA A. LOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  21-2951 (UNA) |
| ) | |
| ) | |
| TOWN OF WINDSOR, NEW YORK *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

    This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*.  The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is lacking).

    "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  The subject matter jurisdiction of the federal district courts is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."  *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  It is a "well-established

rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).

Plaintiff is a resident of Windsor, New York, who has sued a New York municipality and individual attorneys in New York.  *See* Compl. Caption.  Apparently dissatisfied with the New York courts and the U.S. Supreme Court, Plaintiff has come to this Court "hoping for 'Justice.'" Compl. at 2; *see generally id*. at 2-9.  The Complaint does not present a federal question.  Nor is the citizenship of each party "distinctly" alleged, *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and the minimum jurisdictional amount pled, to proceed under the diversity statute.  Consequently, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

Date: November 16, 2021

                                         /s/
                         COLLEEN KOLLAR-KOTELLY
                         United States District Judge